ASSESSMENT OF INCOME TAX. See Append. Fed. Cas.

---

### Case No. 593a.

### ASSIGN v. The G. B. LAMAR.

[Betts' D. C. MS. 36.]

District Court, S. D. New York. Oct. 22, 1840.

ADMIRALTY—JURISDICTION—ENFORCEMENT OF COMMON LAW JUDGMENT.

[A judgment against the master of a vessel, recovered in an action for wages in a common law court, cannot be enforced against either the vessel or its owner in an admiralty court.]

[In admiralty. Action in the marine court of New York city by Norman Assign against the master of the brig G. B. Lamar for seaman's wages. Judgment for plaintiff. Motion in United States district court by plaintiff for summons against the owners of the brig to show cause why the judgment should not be paid by said brig and why an attachment should not issue against her. Denied.]

Mr. Nash, for plaintiff.

PER CURIAM. The object of the proceeding is to employ the remedy applied by the admiralty court, to enforce or execute a judgment rendered in a court of common law. The application is an entire novelty and is without support in any principle con-

nected with the constitution of admiralty courts or the exercise of their jurisdiction. The court takes cognizance only of causes of maritime jurisdiction. Act Sept. 24, 1789. A suit at common law for wages is a mere common law action, subject to the incidents of that action and having no privilege beyond it,—[Ewer v. Jones,] 2 Ld. Raym. 934,—and when carried to judgment the original cause of action is therefore merged in this judgment, and cannot be inquired into or rejected in an ultimate suit upon this judgment.

Decrees of foreign courts proceeding according to the course of the civil law are executed in admiralty when the whole matter is of a maritime character. 2 Bum Cir. & Ad. It was upon the recognition of this general principle that the district courts under the United States constitution were held to have authority to decree the execution of sentences rendered in the court of appeals in prize cases executed under the confederation. [Penhallow v. Doane's Administrators,] 3 Dall. [3 U. S.] 54; [Jennings v. Carson,] 4 Cranch, [8 U. S.] 2; [U. S. v. Peters,] 5 Cranch, [9 U. S.] 115. The arguments of counsel in these cases, however, demonstrate that no idea was entertained that the district court in its capacity of a court of admiralty had authority to act upon the adjudication of any other than courts proceeding strictly in conformity with the principles of the civil law. If this application could succeed there would be nothing to limit the action of this court when invoked to aid judgments assumed to have been rendered upon considerations of a maritime character. The counsel for the petitioners contends that the court is concluded by the statements of the law record, and accordingly, if judgment is obtained in a court of law upon a bill of lading, a policy of insurance or contract for repairing or refitting a vessel, this court may be invoked upon the record exhibiting said cause of action to enforce the judgment by attachment of the property. This certainly is broad not to say bold doctrine, and would if adopted soon lead to results varying to a most important degree the functions of this court. Judgment creditors of that class would have in effect a creditors' bill out of this court of infinitely higher efficacy than could be given by chancery without the creditor being subjected to the hazard of any scrutiny of the justness of his demands. Independent of these objections to adopting common law judgments in this court growing out of the different procedures of the two tribunals antecedent to and concomitant upon the final rendition of a decision it is sufficient to take the facts of the present case in full illustration of the objections of the jurisdiction decreed.

The defendant when tried at law was no longer master of this brig, and suffered judgment by default to such amount as the plaintiff could prove. The principle could be the same if he had given a cognovit. It is not now sought to apply this judgment to the estate of the defendant, but to transfer its lien to the property of third parties having no privity in the matter. The contract of the master with seamen is obligatory upon owners and an action will lie directly against them or the vessel, upon it. So is the master personally liable to the seamen thereon. [The Virgin v. Vyfhius,] 8 Pet. [33 U. S.] 538; Abb. Shipp. & Adm. 476, note. But it could scarcely be contended that a judgment against the vessel or owner could be enforced against the master, nor are there more conclusive reasons for holding the judgment against the master per se binding upon the owners or vessel. The remedy against each is independent and distinct and having sought it in one direction does not deprive a seaman of the right to resort to another upon the original consideration; the judgment on decrees subsisting against either party unsatisfied being no bar or objection to his proceeding de novo against the other.

The motion for an attachment is accordingly denied.